# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:06-1190-RBH-BM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ANNIE MAE JONES, ) | |
| ) | |
| Defendant. ) | |

This action has been filed by the Plaintiff to foreclose a real estate mortgage on property situated in the District of South Carolina, and for other relief. Defendant filed a pro se answer on September 1, 2006 in which she acknowledged that "everything is true and I am trying to save my house....".

No resolution of the case has occurred, however, as the Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 17, 2006. As the Defendant is proceeding pro se, a Roseboro order was entered by the Court on October 19, 2006, advising Defendant of the importance of a motion for summary judgment and of the need for her to file an adequate response. Defendant was specifically advised that if she failed to respond adequately, the Plaintiff's motion may be granted. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Defendant has failed to file any response to the Plaintiff's motion, and a second motion for entry of judgment as well as a proposed order have been submitted



by Plaintiff to the Court. Plaintiff's motion is now before the Court for disposition.[1]

**Discussion**

The evidence before the Court reflects that on November 25, 1987 the Plaintiff executed a note in favor of the United States of America, acting through the Farmers Home Administration, in the amount of $42,800.00. <u>Plaintiff's Exhibit A</u>. Simultaneously with the execution of this note, Plaintiff also executed a purchase money mortgage, granting the real property that is the subject of this mortgage foreclosure action as security for the money borrowed in the note. <u>See</u> <u>Plaintiff's Exhibit B</u>. Plaintiff has submitted as Exhibit C an affidavit from Rosemary Busby, a rural development specialist, who attests that as of October 2, 2006 the Defendant is delinquent on her mortgage loan, and that as of October 2, 2006, the unpaid balance on this note was $100,502.10, including principal and interest to that date. Interest accrues thereafter at $10.91 per day. <u>Plaintiff's Exhibit C</u>.

On December 7, 2000, Defendant was sent by certified mail a notice of acceleration, demand for payment, and notice of intent to foreclose. <u>Plaintiff's Exhibit D</u>. Finally, Assistant United States Attorney Douglas Barnett has filed an affidavit wherein he states that, as of the date of the filing of the lis pendens in this action (May 9, 2006 [<u>see</u> <u>Plaintiff's Exhibit E</u>]), there were no persons other than the parties to this action who had or claimed any lien against the subject property, except for any lien for ad valorem taxes.

As previously noted, Defendant has filed no evidence, or even submitted any

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Plaintiff has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



arguments, to contest the Plaintiff's evidence, or to dispute her delinquency on this note and mortgage.

**Conclusion**

Based on the foregoing, it is recommended that the Plaintiff's motion for summary judgment be **granted**, and that a judgment of foreclosure be entered in favor of the Plaintiff for foreclosure of the real property that is the subject of this action, together with a monetary judgment against the Defendant in the amount of $100,502.10 (as of October 2, 2006), with interest thereafter at the rate of $10.91 per day; see Plaintiff's Exhibit C; together with any costs and expenses associated with this legal action as provided for in the loan documents.[2]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March  5,  2007

---

[2] Plaintiff should submit an affidavit to the Court for any additional fees and costs owed.

3



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

4

